JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Nico Gilson ("Gilson"), appeals the trial court's denial of Gilson's motion to confirm arbitration award and to strike notice of appeal from award and to dismiss appeal. Gilson claims that defendant-appellee, Donald Thomas, failed to serve the notice of appeal and that the trial court erred by denying Gilson's motion to dismiss and confirm the arbitration award on that basis. For the reasons that follow, we affirm.
 {¶ 2} Gilson filed suit against defendant-appellee for injuries arising from a motor vehicle accident. The trial court referred the matter to arbitration, where a monetary award was entered in favor of Gilson. Thomas filed a notice of appeal that contained a certificate of service. The court independently docketed the notice of appeal by journal entry dated November 8, 2004 that was served on all parties. On January 10, 2005, Gilson filed a motion to confirm arbitration award and to strike notice of appeal from award and to dismiss appeal. Gilson's counsel stated by affidavit that Gilson was not served with any notice of appeal. This was the basis of the motion to strike and confirm the arbitration award. The trial court denied the motion, the matter proceeded to trial and judgment.
 {¶ 3} Gilson's sole assignment of error is as follows:
 {¶ 4} "I. The trial court erred in denying the plaintiff's motion to dismiss the defendant's appeal from the Arbitration Award, and in failing to confirm the Arbitrators' Award."
 {¶ 5} Gilson maintains that because Thomas did not serve the notice of appeal, the trial court was required to dismiss the appeal and confirm the Arbitrators' Award.
 {¶ 6} The parties dispute whether service of the notice of appeal was actually required. Thomas argues that Loc.R. 29 controls and does not mandate service of the notice of appeal on the opposing party. Gilson argues that Civ.R. 5 controls and requires service of the notice of appeal. This Court addressed this exact issue in Fearn v. Lifetime Homes, Ltd., Cuyahoga App. No. 40540. In that case, the Fearns received an arbitration award from which Lifetime Homes appealed pursuant to Loc.R. 29. Lifetime Homes did not serve Fearn with the notice of appeal, who first learned of it through a Notice of Pretrial sent by the court. The trial court denied Fearns' motion to dismiss the appeal for failure of notice.
 {¶ 7} On appeal, Fearn, like Gilson, maintained that the trial court should have dismissed the action and confirmed the award for lack of service. Lifetime Homes, like Thomas, argued that service was not required by Loc.R. 29. This Court in Fearn
rejected Lifetime Home's assertion that a lack of notice requirement in Loc.R. 29 absolved it of providing notice to the opposing party. Yet, this Court further determined that it did not necessarily require reversal of the lower court's decision. Instead, the appropriate review is to examine the "prejudice created by the failure to give notice to determine if the trial judge abused his discretion when he failed to grant the motion [to dismiss the appeal and confirm the arbitration award]." The lower court's decision in Fearn was upheld because the trial court's pretrial notice made them aware of the appeal and Fearn failed to demonstrate any resulting prejudice due to the lack of service.
 {¶ 8} An abuse of discretion is defined as a decision that is unreasonable, arbitrary, or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} Rule 29, Part VII of the Local Rules of Cuyahoga County Court of Common Pleas governs appeals from the action of the Arbitration panel. Thomas filed his notice of appeal de novo in compliance with the requirements of Loc.R. 29, Part VII. The trial court notified the parties of the arbitration appeal on November 8, 2004 by journal entry. Gilson filed a motion to strike the appeal and to confirm the arbitration award. Thomas opposed the motion, Gilson filed a reply, and Thomas responded to Gilson's reply.
 {¶ 10} The gist of Gilson's motion, and this appeal, is that because the notice of appeal was allegedly not served, this compels the confirmation of the arbitrators' award. Gilson does not contend that confirmation of the award was warranted for any other reason. Stated differently, but for the alleged failure of service, Gilson had no basis to oppose or prevent the reinstatement of the case to the trial court's docket.
 {¶ 11} Following the extensive motion practice on this issue, the trial court denied Gilson's motion. In pertinent part, the trial court reasoned that "the time-stamped notice of appeal was timely filed and contains a certificate of service. Whether the appeal was actually received by the plaintiff is inconsequential. The court posted the appeal on the docket and sent a notice to all parties. Plaintiff knew or should have know [sic] the arbitration award was appealed on October 22, 2004."
 {¶ 12} Gilson relies heavily on McLaughlin v. Fitzpatrick
(Oct. 2, 1986), Cuyahoga App. No. 50920. McLaughlin also addressed a trial court's ruling relative to the alleged failure of service of a notice of arbitration appeal. Unlike the case at bar, the trial court in McLaughlin granted the motion to strike and confirmed the arbitrators' award. We recognize that the abuse of discretion standard allows latitude for courts facing similar fact patterns to appropriately arrive at different results.
 {¶ 13} In McLaughlin, the non-appealing party filed a motion to strike and presented evidence that they did not receive the notice of appeal. The opposing counsel did not oppose the motion to strike and this was significant to the court's decision in McLaughlin. Here, Thomas opposed both the motion to strike and the reply in support. Also, unlike this case, the trial court in McLauglin had not entered the fact of the appeal on the court's docket with notice to the parties. Accordingly, the facts of McLaughlin are distinguishable from this matter.
 {¶ 14} Conversely, the facts of Fearn are analogous to this matter. We reiterate the importance of service on opposing parties to the fundamental fairness of a judicial proceeding. And we still do not accept the assertion that if no specific requirement of notice is mandated in Loc.R. 29, then no duty of notice rests upon those appealing arbitration awards. Nor do we accept the proposition that a party is automatically entitled to confirmation of an arbitration award in the absence of definitive service of the notice of appeal. Gilson was aware of Thomas' appeal by virtue of the court's notice and Gilson has not demonstrated any prejudice resulting from the failure of service. Having reviewed the record and the trial court's reasoning for its decision, we conclude that the trial court did not abuse its discretion.
 {¶ 15} Gilson's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., concur.